J-S11025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY GREGORY JOSEPH | : | |
| | : | |
| Appellant | : | No. 1040 WDA 2021 |

Appeal from the PCRA Order Entered July 28, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0007436-1997

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                      **FILED:  May 3, 2022**

Appellant, Troy Gregory Joseph, appeals *pro se* from the order entered on July 28, 2021, dismissing as untimely his sixth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On March 6, 1998, a jury convicted Appellant of first-degree murder and firearms not to be carried without a license.[1]  On March 16, 1998, the trial court sentenced Appellant to a mandatory term of life imprisonment.  This Court affirmed Appellant's judgment of sentence on August 13, 1999.  ***See Commonwealth v. Joseph***, 718 WDA 1998 (Pa. Super. 1999) (unpublished memorandum).   Appellant did not appeal that determination to the Pennsylvania Supreme Court.   Thus, Appellant's judgment of sentence

---

[1]  18 Pa.C.S.A. §§ 2502(a) and 6106, respectively.

became final on September 12, 1999. *See* Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). Pursuant to the PCRA, a PCRA petition must be filed within one year of the date that a judgment of sentence becomes final unless the PCRA petition alleges, and the petitioner proves, an exception to the timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). As such, Appellant's most recent PCRA petition filed on March 27, 2019, is patently untimely.

In his *pro se* PCRA petition, Appellant alleged that he discovered two newspaper articles from 2017 that entitled him to collateral relief. First, Appellant claimed that he learned that the trial judge in his case, the Honorable Donna Jo McDaniel, had engaged in "an alleged pattern of harsh sentencing of sex offenders" which provided evidence of "bias and prejudice towards him." PCRA Court Opinion, 12/8/2021, at 3. Appellant also relied upon another 2017 newspaper article wherein "a civil jury found that Detective Richard McDonald, who testified [regarding Appellant's] confession at [Appellant's] trial, had violated the civil rights of a different individual in a failed attempt to coerce a confession in [an unrelated] homicide case." *Id.* at 2-3. Before the PCRA court ruled on Appellant's sixth PCRA petition, however, on February 28, 2020, Appellant also filed a "motion to arrest proceedings for lack of subject-matter jurisdiction," asserting that the deputy coroner who issued Appellant's arrest warrant lacked statutory authority and, therefore, the trial court lacked subject matter jurisdiction over his case. The PCRA court incorporated this motion into Appellant's current PCRA petition by order

- 2 -

entered on March 4, 2020. On July 28, 2021, the PCRA court entered an order denying Appellant relief. This timely *pro se* appeal resulted.[2]

On appeal *pro se*, Appellant alleges that the PCRA court erred by dismissing his current PCRA petition,

> claiming that his 14th Amendment rights to the U.S. Constitution, to due process of law were violated when the [d]eputy coroner usurped the jurisdiction of a proper issuing authority when he issued Appellant's probable cause arrest warrant without statutory authority causing his illegal arrest which is a nullity and results in the courts having no jurisdiction over the arrestee or the subject matter in the case involved and the suppression of all evidence which is the fruit of the poisonous arrest.

Appellant's *Pro Se* Brief, at 2.[3] Appellant, however, fails to plead and prove an exception to the PCRA's one-year time bar as required pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). **See Commonwealth v. Larkin**, 235 A.3d 350, 356 (Pa. Super. 2020) (*en banc*), *appeal denied*, 251 A.3d 773 (Pa. 2021)

---

[2] On August 25, 2021, Appellant filed a *pro se* notice of appeal directly with this Court, rather than with the PCRA court. Our Prothonotary time-stamped the date of receipt and then transmitted the notice of appeal to the PCRA court where it should have been originally filed. We deem Appellant's appeal timely. **See** Pa.R.A.P. 905(a)(4) ("If a notice of appeal is mistakenly filed in an appellate court, [] the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and [] shall be deemed filed in the trial court on the date originally filed."). The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 8, 2021.

[3] This is the sole issue presented on appeal. Appellant does not argue or otherwise develop arguments pertaining to Judge McDaniel or Detective McDonald as presented below. As such, we find those issues abandoned on appeal and waived. **See Commonwealth v. Woodward**, 129 A.3d 480, 509 (Pa. 2015) (holding that "where an appellate brief fails to ... develop an issue in any [ ] meaningful fashion capable of review, that claim is waived[.]").

- 3 -

("This Court has previously held that a claim of lack of [trial court] subject matter jurisdiction does not qualify as one of the statutory exceptions to the PCRA's jurisdictional time bar."). In fact, in his appellate brief, Appellant does not reference the PCRA at all. As such, we conclude that Appellant's sixth PCRA petition was untimely and not subject to an exception. Accordingly, we affirm the PCRA court's order denying Appellant relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2022